## FRANCIS vs. DICKEL & COMPANY.

1. Since a married woman has become a *feme sole* as to her separate estate she may sue or be sued in respect thereto.
2. At common law if two were declared against as partners, no recovery could be had against one of them severally. But in Georgia where two or more defendants are joined, and it appears on the trial that some of them are not liable and ought not to have been joined in the action, the suit will not abate or be quashed on that account, but may proceed against the other defendants.

(*a.*) Objection to the evidence of several liability under a joint suit would have necessitated an amendment, but where no objection was made, a verdict against one of the defendants will not be set aside.

(*b.*) Can a wife be her husband's partner in business ?    *Quære.*

Husband and Wife. Parties. Partnership. Verdict. Before Judge CLARK.   City Court of Atlanta.   June Term, 1881.

Reported in the decision.

HULSEY & McAFEE;  R. ARNOLD, for plaintiff in error.

HOPKINS & GLENN;  W. T. TRIPPE, for defendants.

CRAWFORD, Justice.

This suit was brought by George A. Dickel & Company against Thomas Francis and his wife, Mrs. Thomas Francis, as partners, doing business under the firm name of Thomas Francis, for the recovery of a bill of merchandise.   Mrs. Francis filed pleas of the general issue, no partnership, and that she was a *feme covert*, being the wife of Thomas Francis.

Upon these pleas the parties went to trial, and the jury found a verdict for the plaintiffs against Mrs. Thomas Francis for the amount of the debt sued.

The legal effect of the verdict was to find that she was not a partner of Thomas Francis, but engaged in business for herself, and the sole owner thereof, with liability for the debts.

Being dissatisfied with this verdict, she moved the court for a new trial, upon the statutory grounds, and because the judge charged the jury, substantially, that if Thomas Francis was an employé only, and that the business was Mrs. Francis', and she contracted the account sued on, that then they might find a verdict against her alone. Also because the judge charged, notwithstanding she was

Francis *vs.* Dickel & Co.

a married woman, yet if she had a separate estate, and this business was hers exclusively, and she contracted the debt, it would be their duty to find a verdict against her, and not against Thomas Francis.    And lastly, because she was a married woman, living with her husband, and the plaintiffs cannot prosecute their suit to verdict and judgment alone against her, thereby releasing the other party.

The testimony in the record is conflicting, though there was enough to support the verdict against Mrs. Francis's pleas denying her liability.    The questions, therefore, which control the case are of law.

This suit was against husband and wife as partners; the wife made the issues of *non assumpsit,* no partnership, and that being a married woman living with her husband, and not a free trader, she was not liable.

1. By the constitutions or 1868 and 1877, as well as by the statute of 1866, all the property of the wife owned at the date of the marriage, given to, inherited or acquired during the coverture, vests absolutely in her.

By section 1783 of the Code, the wife is declared to be a *feme sole* as to her separate estate.

In the case of *Huff vs. Wright,* 39 *Ga.,* 43, it was declared by this court that husband and wife are no longer a unit, one person in law, with all the property vested in the husband as the head of the family, but so far as property is concerned two distinct persons, with separate and distinct rights.    In a word, the common law rule upon this subject no longer prevails in this state.    Every married woman is, as to her property, a *feme sole,* with power to purchase, hold and convey property, contract and be contracted with, sue and be sued as a *feme sole.*

This, under the new order of things, being the status of married women as to their property, rights and liabilities, why may not this wife be sued as a man could be sued, and made to respond precisely in the same manner, as to all contracts upon which she could bind her estate?    We see no reason.

2. If then a suit could be brought against partners not thus connected, and the pleadings and the proof just such as were had in this case, why should the verdict be set aside?

The allegation in the declaration was, that as partners they were indebted the amount claimed; Mrs. Francis pleaded the general issue, and no partnership; had there been a replication necessary, it would have been that the debt was due and owing, and that defendants were liable as partners. If the proofs then offered, showed that the debt was due, not by them as partners, but by one of them only, the testimony would have been demurrable under the pleadings, and could, upon objection, have been excluded until amendment had been made. None, however, was made, the jury passed upon the liability, and found the debt due by the defendant making the issues, and not by them as partners.

Was this misjoinder of parties as partners amendable? By §§3484, 3485 of the Code, it is provided that the names of partners, either as plaintiffs or defendants, which are omitted in the declaration, may be amended by adding the proper party instanter, and likewise, where two or more persons sue or are sued in the same action, the plaintiff may amend his declaration by striking out one or more of such defendants, and proceed against the remaining defendant or defendants. This was not done, and on the issue of no partnership the jury found that none existed. This finding was right on the testimony; and in the opinion of some of the members of the court for the further reason, that it is very doubtful whether husband and wife can form a partnership at all.

Conceding, then, that there was no partnership, can there be a recovery against one of them thus charged individually in this action?

We think that the principle that there can be such a recovery was ruled by this court in the case of *Wooten & Company vs. Nall*, 18 *Ga.*, 609. That was a suit brought

on a promissory note signed by Wooten in his individual name, but counts alleging that the note was given for goods, wares and merchandise sold to Wooten & Kirkpatrick, were also set forth in the declaration. The defendant, Kirkpatrick, pleaded the general issue, and no partnership. After a verdict before the inferior court for the plaintiff, Kirkpatrick alone appealed, and one question considered was, whether in an action against two defendants who were declared against substantially as copartners, a judgment could be given against one defendant without the other. It was held that at common law this could not be done; but that under the laws of this state, where two or more defendants were joined, and it was made to appear on the trial that a part of them are not liable, and ought not to have been joined in the action, the suit shall not abate or be quashed on that account; but the action thereafter may proceed against the other defendant. Lumpkin, Chief Justice, says : " We are clear that the action should not abate, but that the same should proceed to final judgment and execution, in the same manner as if the defendant found not liable and discharged, had not been originally joined in the suit."

This ruling is, we think, conclusive of this case, and covers the errors of law alleged to have been committed by the judge in his charge.

Judgment affirmed.