## MAYNARD & SON vs. PONDER.

1. Where a suit was brought against a firm, and in addition to the general issue, the defendants filed a plea that they were not liable on the account sued on, for the reason that they never at any time bought said bill of goods from the plaintiff, nor did they authorize any one else to purchase the same or authorize the plaintiff to sell the goods to any one, a verdict for the plaintiff against one of the defendants, if warranted by the evidence, would be sustained,

and would not furnish any ground for a motion in arrest of judgment. If the proof showed that only one of the defendants was liable, the declaration could have been amended, on objection, and evidence of his liability having been admitted without objection, a verdict against him will be sustained.

(a.) There was no material error in charging that the jury might find against both defendants or against one of them only (if they found for the plaintiff), according to the truth as it appeared from the evidence.

(b.) A misjoinder of the defendants is matter for a dilatory plea or plea in abatement, and must be taken advantage of at the first term of the court.

(c.) Where suit was brought against a firm composed of two members, and the jury found in favor of the plaintiff against one of the partners, a reasonable construction is to be given to the finding which will not avoid it except from necessity, and so doing, the verdict will be construed as finding in favor of the other partner.

2. It is bad practice for a judge to certify statements of his charge in a motion for new trial, which are not correctly set forth, qualifying his approval with the statement that the ground should be corrected by reference to his charge, which is appended to the motion. The grounds should be made to speak the exact truth, or the judge should refuse to certify to their correctness.

(a.) Where suit was brought against a firm to recover for goods alleged to have been furnished on account of the partners, and at their request to a third party, and evidence was introduced to show that this was done at the instance of one of the partners, but not of the firm, it was proper to submit to the jury the questions at issue, and to leave them to decide on whose credit the goods were really furnished   The manner in which the charges were made would furnish proof to whom the goods were sold, unless it were shown to the satisfaction of the jury that the real contract was that the goods were furnished on the credit of another than him to whom they were charged; if this were done, the manner in which the charge was made would then become immaterial.

(b.) The charge excepted to, in connection with its context, substantially covered this principle. If fuller instructions were desired, they should have been asked.

December 15, 1885.

Partnership. Verdict. Parties. Practice in Superior Court. New Trial. Debtor and Creditor. Statute of Frauds. Charge of Court. Before Judge STEWART, Monroe Superior Court. August Term, 1884.

Reported in the decision.

T. B. CABANISS; W. D. STONE, for plaintiffs in error.

BERNER & TURNER, for defendant.

HALL, Justice.

Ponder sued Maynard & Son, a firm composed of William T. Maynard and Preston B. Maynard, to recover from them a bill of goods alleged to have been furnished on their account and at their request to one George W. Bassett. The firm, by their attorneys, acknowledged service of this writ; they appeared and pleaded the general issue and other pleas to the suit, and on these pleas the case was tried, and each partner was present and testified at the trial. The jury, under the proofs and charge of the court, returned a verdict in favor of the plaintiff against William T. Maynard, and a judgment was rendered in pursuance of this verdict. The defendants moved in arrest of judgment, on account of the insufficiency of the pleadings, and because the verdict was not in accordance with the allegations therein contained, in that the suit was against Maynard & Son, and the verdict was against William T. Maynard only, without any finding as to the other member of that firm. This motion was overruled, and the defendants excepted to the judgment and brought it here for review.

They then made a motion for a new trial upon the general grounds, and also upon several special grounds, which was likewise overruled. To this judgment they took another bill of exceptions, and brought that up on writ of error.

The plaintiff took a cross-bill of exceptions, which he abandoned on the hearing before this court.

The only two special grounds insisted on here related to the instructions of the court to the jury as to the form of the verdict and the parties against whom it might be found, and to the effect to be given to the manner in which

the plaintiff charged the goods on his books, from which was taken the bill of particulars on which his suit is founded.

1. It will be most convenient to consider the first of these grounds in connection with the motion in arrest of judgment. The plea of *non assumpsit* denied the indebtedness of the defendants as a firm. William T. Maynard testified on the trial that the firm had nothing to do with his contract with Bassett to run the firm; that this was his individual matter; and there is nothing in the testimony of the other witnesses directly in conflict with this statement. He admits having introduced Bassett to the plaintiff on the 20th of March, 1882, and having authorized the plaintiff to let him have some named articles on that day, and insists that his instructions confined Bassett's dealings on his account to that time. This latter statement is flatly contradicted by the plaintiff, by Ensign and by Bassett. The first bill furnished Bassett seems to have been charged to Maynard & Son. After that, the goods were charged directly to Bassett, and when a dispute arose as to the liability of the defendants for these latter charges, the plaintiff added to the bills " for " or " per " Maynard & Son; this he felt authorized to do, because, as he states, it conformed to the truth. He gives this version of his reasons for charging the goods to Maynard & Son, when the contract to furnish the goods seems to have been with William T. Maynard only, and he also shows how the account came to be changed from the original form to one against Bassett. He kept his own books, and during his absence from home, that duty devolved on Huddleston, his clerk, who made the change. The clerk, it seems, did not know the particulars of the arrangement between plaintiff and W. T. Maynard to furnish the customers of the latter with dry goods, or how the bills should be charged to carry out that agreement. For some two years previous to 1882, William T. Maynard had carried on quite an extensive business in furnishing supplies on time; up to that date,

he had no store-house, and plaintiff, by agreement with him, had furnished the dry goods his customers wished upon his account; at the end of 1881, he concluded to open a grocery house in Forsyth, to enable him to carry on this business upon a more extensive scale; he still acted under his contracts for supplying the dry goods by the plaintiff, and he informed him of this contemplated change. When the house was opened, the business was conducted in the name of Maynard & Son, and from this, plaintiff inferred, without, however, any distinct understanding between him and these parties to that effect, that the dry goods furnished by him to their customers should be charged to the firm. The questions made by these facts were submitted to the jury, and they were instructed that they might find against both the defendants or against William T. Maynard only, if they found for the plaintiff, according to the truth as it appeared from the evidence.

In this there is no material error that we can see; that there may be irregularity is admitted, but in order to defeat the action or to sustain a motion in arrest of judgment, the defects in the pleadings must be such as are not amendable, and such as no legal judgment can be rendered upon, or as cannot be aided by a verdict. Besides, the misjoinder of defendants is matter for a dilatory plea, or plea in abatement, and must be taken advantage of at the first term of the court. *Merritt vs. Bagwell,* 70 *Ga.,* 578, 585. While the defendants' counsel concede that, had this plea in abatement been filed, this verdict could have been upheld, they insist that, in the absence of such a plea, it necessarily contravenes the declaration and is directly in the face of the pleadings. It is certain that the record does contain a plea, which amounts to a denial of the liability of the defendants as a copartnership, without, however, negativing that of each of the members of the firm. Immediately following the general issue, *non assumpsit,* they say, for further plea, they are not liable on the account sued, for the reason that they

never at any time bought said bill of goods from the plaintiff, nor did they authorize any one else to purchase the same, or authorize the plaintiff to sell the goods to any one. If it was not the object of this defence to distinguish between the liability of the firm and that of the individual members composing it, then it was without purpose, inasmuch as the general issue denied that plaintiff's right to recover in manner and form as set forth in his declaration. But be this as it may, this court, in *Francis vs. Dickel & Co.*, 68 *Ga.*, 255, held that, when the defendants were sued as partners, a verdict against one of them only would not abate the suit; that the declaration was amendable; and although the proof offered without objection, before the amendment was made, showed that the debt was not due by the defendants as partners, but one of them only, yet the verdict was sustained, upon the authority of *Wooten & Co. vs. Nall*, 18 *Ga.*, 609.

These cases are decisive of the present finding, unless it can be shown that the verdict did not find in favor of Preston B. Maynard, the other member of the firm. But we think this is the fair and only intendment that can be made from it, and we feel bound to give it such a construction as will prevent it from being avoided, unless necessity compels us to reach a different conclusion. Code, §3561 and citations. *Central Railroad and Banking Co. of Georgia vs. Freeman*, determined at the present term.* The familiar rule of interpretation, *expressio unius exclusio alterius*, warrants, if it does not compel, the conclusion that it was the purpose and only purpose of the jury, in finding against William T. Maynard, to find in favor of Preston B. Maynard.

2. It is alleged that the court erred in charging the jury that the plaintiff's books were in evidence before them, but that, if in truth the real contract was that Maynard & Son, or William T. Maynard, agreed with plaintiff to become liable to him, for goods to be sold and furnished to

*See *ante*, p. 336.

Bassett, it would make no difference whether the goods were charged to Bassett, or Maynard & Son for Bassett, or Bassett by Maynard & Son or W. T. Maynard. In other words, it would not matter how the goods were charged, if Maynard & Son, or W. T. Maynard, contracted to become liable and to pay for the goods which Bassett was to purchase. This is the ground of the motion which the court approved, with the qualification that it should be corrected by his charge appended; and as thus corrected, it is as set forth above.

We cannot approve of this mode of correcting statements in motions for new trial. It leads to confusion, and imposes no little labor, and often some degree of embarrassment upon this court. The ground should be made to speak the exact truth, or the judge should re-refuse to certify its correctness. The practice resorted to in this instance, and in many others that come before us, is not in accordance with law, and is more honored in the breach than in the observance. Each ground should be complete in itself, and should be in accordance with the literal and exact truth; it should not require correction by references *aliunde*, and which impose the necessity of examining a lengthy charge to ascertain what is done. The statute requires that the decision complained of shall be " plainly specified," together with the error alleged to exist therein. This is the rule of our duty, and it is well to let the profession know that we shall feel bound to conform to it in future, and that we cannot, in justice either to ourselves or parties, depart from its plain and unmistakable requirements.

That the charge here excepted to is applicable to the facts in evidence, and that it is correct in principle, was determined in *Flournoy & Epping vs. Wooten*, 71 *Ga.*, 168, 175, and we do not understand that in this respect it is objectionable to the defendants, but they urge that it did not give full effect to the form of the charges on plaintiff's books, as evidence to show that the credit was ex-

tended to Bassett, and not to them or either of them. We do not think it open to this objection, though it may be conceded, that taken alone and separated from the context of the entire charge, it might have been more special and particular upon this point than it was; and had the judge's attention been called to the matter, as it should have been, by the parties complaining, we doubt not that the alleged deficiency would have been supplied. This instruction did not prevent the jury from considering these book entries as evidence of the person to whom the credit was extended; they were told, in effect, that the books were in evidence before them, and that the manner in which charges were made would afford proof that the goods were sold to Bassett, unless it was made to appear to their satisfaction that the real contract between the plaintiff and defendants was that the latter, or one of them, W. T. Maynard, were to become liable for the goods sold and furnished to Bassett, in which event, and in that only, was it immaterial as to the charges as they appeared on plaintiff's books.

There is nothing in the other grounds of the motion requiring further observation than that the verdict is in accordance with the decided weight of the evidence.

Judgment affirmed.