LEDBETTER & HARRIS *vs*. DEAN.

In an action against a firm as partners on an account arising from a contract to do certain work, a verdict against only one of the partners, if warranted by the evidence, is sustainable.

May 13, 1889.

Actions. Partnership. Verdict. Before Judge MEYERHARDT. City court of Floyd county. September adjourned term, 1888.

Dean sued "A. W. Lebetter and George D. Harris, using the firm name of Ledbetter and Harris," on an account, dated August 16, 1887, for certain loose rock and earth excavation and embankment. On the trial, he testified that he had been paid the greater part of the amount due for the rock and earth, but that the amount sued for was the balance due; that he made a contract with Ledbetter to pay him (Dean) for this work all they got out of it, that is, an amount which, after deducting what he had received, made the sum sued for, which was still due him by Ledbetter & Harris; and that the contract, when made, was for the full prices stated, upon condition that Dean would allow Ledbetter to deduct from the amount due for the work an old security debt which Dean owed another firm of which Ledbetter was a member, and Dean agreed to this and it was done. He denied that he made any contract with Harris about the matter, though Ledbetter had referred him to Harris about the work. When presented with the check (hereafter mentioned) for $207.14, dated August 16, 1887, he accepted it without objection, indorsed it and collected the money on it, because he was in haste to get his money; but the subject-matter of this suit was not discussed or considered between him and Ledbetter at the time he received the check.

Ledbetter and Harris each testified; and their evidence, taken together, is to the following effect: Before Dean commenced the work, Ledbetter agreed for him to do some of it, but distinctly referred him to Harris, the other partner, as to what the firm would pay him. Harris made the contract, and distinctly told Dean that so far as the firm was concerned, they could pay him only certain stated prices, and that if Ledbetter agreed to any other terms before, he only and not the firm could be bound thereby. All this occurred before Dean commenced the work. On August 15, 1887, Ledbetter rendered to Dean a statement of the work at prices and quantities reported to Ledbetter by Harris. This statement was in evidence. It shows a number of debits and credits, and then states the balance due Dean at a certain amount. On the following day, August 16, Ledbetter drew Dean a check for $207.14, signed "A. W. Ledbetter," and containing the recital, "in full of balance due on work done for L. & H." Dean accepted it without objection. He always claimed that he had made the contract for the full price claimed by him with Ledbetter.

Elbert McGhee, introduced by the plaintiff, testified that, in November or December, 1886, or January, 1887, he heard Ledbetter say that Dean was to get all Ledbetter & Harris were to get by way of compensation for the work, and the reason of this was that Dean was to pay out of it an old debt due Simpson & Ledbetter. As to this, Ledbetter testified that he did not remember any such statement.

The verdict was "for plaintiff against A. W. Ledbetter" for the amount sued for. The defendants moved for a new trial on the grounds that the verdict was contrary to law and evidence, and because of error in the charge set out in the decision. The motion was overruled, and they excepted.

C. Rowell, for plaintiffs in error.

Dean, Ewing & Smith, by Harrison & Peeples, *contra.*

Simmons, Justice.

Dean sued Ledbetter & Harris as partners, on an account for certain work done by Dean. Under the evidence and the charge of the court, the jury returned a verdict against Ledbetter only for the amount sued for. The defendants made a motion for a new trial, which was overruled by the court. The court's charge to the jury contained the following instruction: "First see whether Ledbetter made the contract for himself or for the firm of Ledbetter & Harris. If he made it for himself individually, in order to save a debt, or for any other reason, then, if under the rules I shall give you there is any liability, Ledbetter alone will be liable."

The only ground insisted on before us for reversal of the judgment of the court below in refusing to grant a new trial, is the following : "The charge above quoted was error, because there was no evidence upon which to base it, and because the action was against Ledbetter & Harris jointly, as partners, and therefore the jury were misled into bringing in a verdict against Ledbetter individually." It was argued before us by counsel for the plaintiffs in error that where a partnership is sued as such, a verdict against one of the partners only is illegal and should be set aside. We think the point made in this case is settled in the case of *Maynard & Son vs. Ponder*, 75 *Ga.* 664, and that we are bound by that decision. In that case it was held: "Where a suit was brought against a firm, and in addition to the general issue, the defendants filed a plea that they were not liable on the account sued on, for the reason that they never had at any time bought said bill of goods

from the plaintiff, nor did they authorize any one else to purchase the same or authorize the plaintiff to sell the goods to any one, a verdict for the plaintiff against one of the defendants, if warranted by the evidence, would be sustained, and would not funish any ground for a motion in arrest of judgment. If the proof showed that only one of the defendants was liable, the declaration could have been amended, on objection, and evidence of his liability having been admitted without objection, a verdict against him will be sustained. There was no material error in charging that the jury might find against both defendants or against one of them only (if they found for the plaintiff), according to the truth as it appeared from the evidence."

Judgment affirmed.