## Austin *et al. v.* Appling.

1. It was not error for the court to address the jury in this case in the same terms as were used in *Parker* v. *Ga. Pacific Ry. Co.,* 83 *Ga.* 540.

2. It was not error to decline to charge that if the plaintiff had the same means of knowing the defect in the fastening of the rope as the defendant had, he cannot recover, it appearing that the duty of inspection did not rest upon him. Nor was it error to decline to charge that if the plaintiff commenced to use the door knowing its condition and continued in defendants' service, the door remaining in the same condition, his continuance in the service would be a waiver of any claim upon the defendants to furnish greater safeguards, the evidence being that the door did not continue in the same condition.

3. Where three persons are sued as a partnership, and two of them file pleas of non-partnership, and the whole case is tried together, a verdict against all three by name, construed in the light of the pleadings, is a finding that they are all liable as partners, and is equivalent to a verdict against the partnership.

4. Where three persons compose a partnership under a name, such as the Fulton Lumber and Manufacturing Company, which does not disclose the individual name of any partner, and two of them withdraw and the third continues business at the same place and under the same partnership name, a person dealing with him cannot hold the retired members of the firm responsible, if he had never dealt with the firm before dissolution and had no knowledge of the persons constituting the same either before the dissolution or at the time of the dealing in question; this is true

although no notice of the dissolution had ever been given in any manner.

5. Where three persons are sued as partners, and no partnership is established, the verdict may be against one only.

6. The recovery being correct as to one of the defendants and obviously incorrect as to the other two, the judgment is affirmed as to the former but reversed as to the latter with direction that the action be dismissed as to them.

November 10, 1891.

Verdict. Charge of court. Master and servant. Partnership. Before Judge Van Epps. City court of Atlanta. June term, 1891.

Appling sued Austin, Boylston and Dobbs, "a firm or partnership doing business under the name of the Fulton Lumber & Manufacturing Company," for damages, alleging, in brief, that he was an employee of defendants in their lumber-yard, it being his duty to load and unload lumber, place it in a kiln for drying, etc.; that the kiln was so constructed that it was necessary to raise a very heavy door in order to place lumber in it, which door had fastened to each end an iron rope which passed up and over pulleys, and to which ropes heavy weights were attached; that as he, with other employees of defendants, was raising this door, the fastenings of the ropes to the door pulled loose, letting the door fall upon him and injuring him in a way described; that the fastenings of the ropes to the door were carelessly and negligently attached, owing to which they pulled loose, etc.; that he was not aware of the condition of the fastenings it not being his duty to adjust the same, the fastenings being done by one LaFontaine, who was the foreman, and as such in place of the principal, and acting for the owners as superintendent of the whole work; and that he inquired of LaFontaine whether the fastenings were secure, and was informed that they were.

A special plea was filed by Austin and Boylston, denying that they were members of a firm or partnership

under the name of the Fulton Lumber & Manufacturing Company at the time plaintiff's right of action accrued, or at the time the case was brought, and denying that they had any interest therein or liability thereunder. The plaintiff obtained a verdict against the defendants for $2,500 ; their motion for new trial was overruled, and they excepted. The decision indicates the grounds of the motion.

CANDLER & THOMSON and W. A. HAYGOOD, for plaintiffs in error.

P. L. MYNATT & SON, *contra.*

LUMPKIN, Justice.

1. Juries ought to agree upon verdicts whenever they can conscientiously do so, and it is not improper for the court to aid them in reconciling their differences of opinion by using such language as the following : " If you disagreed about a matter of law, I could aid you; but as it is a matter of evidence, I cannot aid you, as you are judges of the evidence, except by some rules of law for your guidance. I can, however, give you this rule : in civil cases, where the jury cannot reconcile the testimony of witnesses conflicting, they can find a verdict according to the preponderance of the testimony. This jury is, in the eyes of the law, as capable of deciding this case and reaching a verdict as any other that may be empanelled hereafter, and I am disposed to give you some further opportunity to consider your verdict. Go to your room and make an honest effort to agree on a verdict, and follow the rules I have given you, and I do not think it will trouble you in agreeing." *Parker* v. *Georgia Pacific Ry. Co.,* 83 *Ga.* 540, 10 S. E. Rep. 233.

2. Appling was employed as a common laborer, and it was proved that it was no part of his duty to inspect the machinery and appliances used in the prosecution of

the business. If such a duty had devolved upon him, he might have been chargeable with knowledge of any defect which existed in the fastening of the rope. Otherwise, he had a right to rely upon the judgment of the superintendent, it not appearing that the defect, if it existed, could be readily detected. It appears that the door did not remain in the same condition in which it was when Appling commenced to use it, and that the change in its condition, or in the fastening of the rope attached to it, caused it to fall. Under these circumstances, the court did right in declining to give the charges set forth in the second head-note.

3. Verdicts must have a reasonable construction in the light of the pleadings upon which they are based. Hence, where three persons are sued as a partnership, and two of them file pleas denying the partnership, and the question whether these two were in fact partners is one of the most seriously contested issues throughout the entire trial, a verdict finding against all three by name means that the jury intended to make them all liable as partners. This, certainly, is a common sense view of such a verdict under these circumstances, and we are not aware of any rule of construction which should prevent giving it the effect it was manifestly intended to have.

4. The evidence shows beyond controversy that Appling had no dealings with either Austin or Boylston, and that he did not even know they had been members of the firm composing the Fulton Lumber and Manufacturing Company until after he was injured. He was not even acquainted with them, and in no way acted on the faith of their being members of such firm. In point of fact, they were not members of it when he began work at the lumber-yard as a laborer. Before this time they had been members of this firm, but had retired from it. It is true that after their retirement Dobbs,

the remaining member, did retain the same firm name, kept its sign over the door, and used some of the letter-heads· and bill-heads of the old concern. These letter-heads and bill-heads, however, did not disclose who composed the old firm. On them it appeared that T. H. Austin was president;· W. E. Dobbs, general manager; A. D. Boylston, secretary and treasurer; and John M. LaFontaine, superintendent, of "The Fulton Lumber and Manufacturing Co." The natural impression would be that this company was a corporation having these persons for its officers. LaFontaine, in point of fact, was never a member of the firm, but any inference that either of the others was such member would be equally applicable to him; yet, there is no pretence that he could be made liable to the plaintiff in this case. Section 1895 of the code provides as follows: "The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. By the retiring of a dormant partner, it must be made known to all who had knowledge of his connection with the firm." In a case like this, where the style of the firm does not disclose the individual name of any partner, although the members of the firm may not, strictly speaking, be dormant partners, yet it would seem that the law as to the kind of notice which should be given where a dormant partner retires would justly be applicable. In such cases, as appears by the section quoted, the notice need be given to those only who had knowledge of such partner's connection with the firm. This application of the law can surely work no hardship, certainly not in a case of this kind. Appling did not engage in the service of Dobbs upon the idea that Austin and Boylston were his partners, and his injury was in no wise occasioned by reason of an erroneous supposition upon his part that they belonged to the firm or had ever belonged to it. He treated with Dobbs

alone, not knowing, and doubtless not 'caring, whether he had partners or not, or if so, who they were. It would, therefore, seem entirely contrary to justice to make Austin and Boylston liable to him, and it violates no legal rule to hold otherwise.   Story on Partnership, §160; 1 Lindley on Partnership, *p. 43; *Richards* v. *Hunt, Rankin & Lamar*, 65 *Ga.* 342; *Richards* v. *Butler & Carroll, Ib.* 593.

5, 6. Where a suit is brought against three persons as partners, charging them with the perpetration of a tort whereby the plaintiff was injured, and he fails to establish the existence of the partnership, but does show by the testimony that one of these three persons, and that one only, is liable to him for the injury sustained, a verdict against the latter would be proper.   The ruling here made is in harmony with the principle laid down in many authorities, that for torts partners are jointly and severally liable, and this court has settled the doctrine that, in this State, even in a suit against a partnership founded on contract, a verdict against only one of the alleged partners, if warranted by the evidence, is sustainable.   *Wooten & Co.* v. *Nall*, 18 *Ga.* 609; *Francis* v. *Dickel & Co.*, 68 *Ga.* 255; *Maynard & Son* v. *Ponder*, 75 *Ga.* 664; *Ledbetter & Harris* v. *Dean*, 82 *Ga.* 790; *Schofield* v. *Jones*, 85 *Ga.* 816, 823.

The evidence, we think, is sufficient to sustain the verdict as to the defendant Dobbs.   We have already shown it cannot be sustained as to the other two defendants.   Inasmuch, therefore, as the verdict might have been found against Dobbs alone, the same result may, we think, be properly accomplished by confining it to him.   Accordingly, as to Dobbs the judgment is affirmed; and as to Austin and Boylston it is reversed, and we direct that as to them the action be dismissed.

*Judgment affirmed in part and reversed in part, with direction.*