PRICE & MAAS *v.* BELL & SON.

1. Under the code (§3458) the general issue is considered as filed if the case is answered to at the first term ; and the marking at that term of the names of counsel for defendant is equivalent to answering.

2. The action being against a partnership on an account, a plea of the general issue was sufficient to warrant the admission of evidence going to negative any contract, express or implied, with the partnership touching the goods embraced in the account. That evidence offered under this plea alone showed, or tended to show, that the account constituted a debt against one of the partners individually, and not against the partnership, would not render the same inadmissible.

3. The action being against a partnership, and the pleadings raising no issue as to the several liability of one of the partners alone, and the plaintiff not having amended nor offered to amend the declaration so as to raise that issue, the silence of the verdict in respect to it, though the court charged upon it, is not cause for a new trial. The jury may find against one partner alone, but are not bound to do so.

4. Construing the verdict as finding in favor of the partnership and leaving open the question of the several liability of one of the partners, the verdict was warranted by the evidence, though the evidence was conflicting

5. A brief of evidence is amendable after it has been agreed upon by counsel, approved by the court and filed; but the introduction into the brief, whether originally or by amendment, of anything other than evidence is erroneous In this case the error was harmless.

February 15, 1892.

Pleading and practice. Partnership. Evidence. Verdict. Before Judge Ross. City court of Macon. June term, 1891.

Reported in the decision.

THOMAS & WHITE, for plaintiffs.

ESTES & ESTES and JONES & DASHER, for defendants.

SIMMONS, Justice.

Price & Maas sued the firm of T. J. Bell & Son upon an account. No written plea appears to have been filed. A verdict was rendered in favor of the defend-

ants. The plaintiffs excepted to the overruling of their motion for a new trial, and also to the allowance by the court of certain amendments to the brief of evidence. In addition to the general grounds that the verdict was contrary to law and the evidence, it was alleged that the court erred in admitting the testimony of T. J. Bell that "the debt sued on was not a partnership debt of T. J. Bell & Son, but was the individual debt of T. J. Bell, and to be paid out of a debt due T. J. Bell & Son by one S. T. McDaniel"; it being objected by plaintiffs' counsel that there was no plea of file under which the testimony was admissible, defendants' counsel having merely marked their names on the docket at the first term.

1, 2. The code, §3458, declares: "The general issue is a denial of the allegations in the plaintiff's declaration, and shall be considered as filed in all cases which are answered to at the first term; and no other evidence is admissible under such a plea except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." The marking on the docket at the first term of the names of counsel for the defendants was equivalent to answering, and under this section of the code was in effect a plea of the general issue. *Simon* v. *Myers & Marcus*, 68 *Ga.* 74. It was argued, however, that the testimony objected to was not admissible under the general issue, its purpose being to set up matter in satisfaction and avoidance, by showing an agreement by the plaintiffs to look to a third party for payment. We think the testimony was admissible. The defendants were sued as a partnership. The general issue amounted to a denial that the account sued on was a debt of the partnership; and was sufficient, therefore, to warrant the admission of testimony going to negative any contract, express or implied, with the partnership touching the goods em-

braced in the account.    The testimony objected to showed, or tended to show, that the account constituted a debt against one of the members of the firm, individually, and not against the partnership.    If it was merely his individual debt, the plaintiffs had no cause of action against the firm.  Code, §1911.    The agreement was not set up as in satisfaction of any debt of the partnership, and was not matter in confession and avoidance of such a debt.    It was not an admission that the plaintiffs had ever had a cause of action against the partnership.    It was  therefore  not  matter  which  must be  specially pleaded.

3. It was argued that as the evidence of one of the partners admitted that the debt was contracted as against himself individually, a verdict in favor of the defendants was improper, and was contrary to the charge of the court that the jury could find against this partner if they believed it was his individual debt.    Had the pleadings raised any issue as to the several liability of this partner, a verdict against him would have been proper.    Even where there is no such issue in the pleadings, it has been held that evidence of this kind would sustain a verdict against one partner alone.    *Maynard & Son* v. *Ponder,* 75 *Ga.* 664; *Ledbetter & Harris* v. *Dean,* 82 *Ga.* 790.    But certainly the jury are not bound to find a verdict upon an issue not made by the pleadings. Here the suit was against the partnership, and there was no amendment nor any offer to amend so as to raise the question of several liability.    The issue made by the defendants' plea was simply whether or not the partnership was indebted; and the jury found in favor of the defendants upon that issue.    They were not required to go further and find against one of the defendants upon a claim which the plaintiffs did not make.

4. Construing the verdict as finding in favor of the partnership and as leaving open the question of the sev-

eral liability of T. J. Bell, the verdict was warranted by the evidence, though the evidence was conflicting. Not only was there testimony by both of the defendants showing that the debt was an individual debt of T. J. Bell and that he had no authority to have it charged to the firm, but two bills of the goods and a monthly statement of the plaintiffs were introduced, which were made out by them against T. J. Bell individually.

5. After the brief of evidence had been agreed upon by counsel, approved by the court and filed, counsel for the defendants in error, at the hearing of the motion for a new trial, moved to amend the brief by the insertion of new matter; and the amendment was allowed, over the objection of counsel for the plaintiffs in error. A brief of evidence is amendable, notwithstanding it has been agreed upon, approved and filed, but the introduction into the brief, whether originally or by amendment, of anything other than evidence, is erroneous. Here counsel were permitted to amend by inserting not only additional testimony, but statements as to objections and rulings at the trial and as to the refusal of the court to give in charge a request of the defendants. In this case, however, the error was harmless, and is not ground for a reversal.　　　　　　　　　　*Judgment affirmed.*