WILLIAM ROGGENKAMP ET AL. V. ALFRED E. HAR-
GREAVES ET AL.

FILED MARCH 6, 1894. NO. 4521.

1. **Partnership.** The evidence in the case examined, and *held* suffi-
cient to sustain the verdict.

2. **Instructions:** HARMLESS ERROR. Objection to an instruction
given by the court on its own motion considered, and *held*,
when taken in connection with an instruction given at request
of defendant, to so present the issues in the case that although
such instruction may have been defective and indefinite its giv-
ing was not prejudicial to the rights of defendant.

3. **Form of Verdict:** JUDGMENT: TRIAL. Objections to the ver-
dict of the jury in this case considered, and *held*, that the verdict
was not so deficient or erroneous, in either form or substance, as
to call for a reversal of the case, and that it was proper and cor-
rect for the jury in the case, it being one against the individual
members of a partnership on an account for articles of merchan-
dise furnished to the firm, to return a verdict against one defend-
ant or member of the firm alone, and that the court did not err
in rendering judgment on such verdict.

4. **Verdict:** OBJECTIONS: REVIEW. Objections to the form and
terms of a verdict should be made in the court below at the
time of rendition, in order to be available on error to this court.

5. **Partnership:** ACTION ON ACCOUNT: JUDGMENT AGAINST ONE
MEMBER. In an action against the individual members of a
partnership on an account for merchandise purporting to have
been furnished to the firm, if the testimony shows that the ar-
ticles were furnished to one of the persons composing such firm,
that the debt sued for was the individual debt of such member
or person, a verdict may be returned against such member, and
judgment rendered thereon against him alone.

ERROR from the district court of Lancaster county.
Tried below before CHAPMAN, J.

*Abbott, Selleck & Lane,* for plaintiffs in error.

*Cornish & Tibbets, contra.*

HARRISON, J.

January 12, 1888, the plaintiffs in the court below (defendants in error here) filed a petition in the district court of Lancaster county, in an action against William Roggenkamp and Charles Scott, partners, doing business as Scott & Roggenkamp, as defendants. The petition is short and we will give a copy of it:

"The above-named plaintiffs, a firm doing business at Lincoln, Nebraska, complain of the above-named defendants, a firm doing business at Bennett, Nebraska, for that on the 10th day of August, 1886, plaintiffs sold and delivered to William Roggenkamp certain merchandise, consisting of smoked meats and hams, in the reasonable value of $33.40, which amount said Roggenkamp agreed to pay; that the same has not been paid, nor any part thereof; that there is now due from defendants to the plaintiffs thereon the sum of $33.40 and interest.

"Second—Plaintiffs further say that the said merchandise was purchased by the said Scott in the name of William Roggenkamp, and the same was shipped and delivered by plaintiffs to said Roggenkamp.

"Third—Plaintiffs further say that the said Scott, at the time of the said purchase, was in business in Bennett, Nebraska, as partner of the said Roggenkamp and that the said merchandise, as plaintiffs verily believe, was purchased for the use and benefit of said firm, and that said firm is liable for payment of the same.

"Plaintiffs pray judgment for the sum of $33.40 and interest, and costs of suit."

To this petition Scott did not answer. Roggenkamp, as answer for himself, filed a general denial. A trial was had to the court and a jury, and the jury rendered a verdict, which was as follows:

"Hargreaves Bros., Plaintiffs,⎫
            v.                      ⎬
William Roggenkamp.                 ⎭

"We, the jury, duly impaneled and sworn in the above entitled cause, do find for the plaintiff and assess the amount of their recovery at the sum of thirty-three and $\frac{40}{100}$ dollars principal, and seven $\frac{79}{100}$ dollars interest."

A motion for a new trial was filed, argued, and overruled, and judgment rendered on the verdict against William Roggenkamp, and the case is brought here on error for our consideration.

The first assignment of error argued by plaintiff in error in his brief is that the verdict is not supported by sufficient evidence. We have read and considered the whole of the testimony carefully, and are satisfied that there was sufficient evidence to warrant the jury in believing that Roggenkamp furnished the capital and Scott contributed his services and they engaged in the business of running a butcher or meat shop, the profits of such business to be shared equally. This would constitute them partners within the rule or definition announced by this court in the case of *Strader v. White*, 2 Neb., 348, where it was said: "If a person contract with a partnership to contribute his services to the enterprise, for which he is to be compensated by a proportion of the profits, he becomes a member of the firm and liable for its debts, although he do not stipulate to bear any part of the losses." In the body of the opinion written by Lake, J., we find the following statement: "It is argued, however, that there is no agreement on the part of the Whites to share in the losses which might occur, and therefore they cannot be held to be partners. This proposition is altogether untenable. In the first place they could receive no compensation for their skill and labor except out of the net profits. If these failed, they must necessarily share in the losses, at least to the extent of the value of the skill and labor contributed by them. It has been held

that where one person advanced funds for carrying on a
particular trade, and another furnished his personal serv-
ices only in carrying on the trade, for which he was to re-
ceive a portion of the net profits, they were partners be-
tween themselves as well as to third persons." We are
fully of the opinion that the evidence on the question of
partnership was ample and strong enough to sustain the
verdict and bring it within the rule of this court, so often
expressed, that "when not clearly against the weight of
the evidence, the verdict will not be disturbed." The
same rule will apply to the contention made by plaintiff
in error in regard to the facts that the claim in suit was for
"smoked meats and hams." There was sufficient evidence
to sustain the finding of the jury, that the smoked meats
and hams were bought for sale in the business and with the
knowledge of Roggenkamp, and the jury must necessarily
have made such a finding as to this fact, as one of the com-
ponent elements or facts of their whole verdict, as returned
in the case.

The next assignment of error is that the court erred in
giving to the jury instruction No. 4, which was as follows:
"If you find from the evidence that the defendant Roggen-
kamp entered into an arrangement with Charles Scott, his
co-defendant herein, whereby he became a partner of said
Scott, in the business engaged in, and was to receive half
the profits of said business, in pursuance of such agree-
ment, such arrangement would make said Roggenkamp a
partner of said Scott in their business, and he would be
liable for debts contracted by the firm as partners in and
about the carrying and management of said partnership
business." It is contended that by this the jury were told
that if they found that there was to be a division of the
profits, this would constitute the defendants partners. This
is not strictly correct, as it will be seen the jury were
further told that they must find from the evidence that
Roggenkamp and Scott had entered into an arrangement

whereby they became partners. The instruction is not very clear and does not define a partnership, and under some circumstances we think it might be misleading and prejudicial; but immediately following this instruction the court, in its charge to the jury, gave instruction marked "First," as asked by defendants, as follows : " The jury are instructed that if you find that the agreement between Scott and Roggenkamp consisted only in Mr. Roggenkamp's furnishing three beeves to Scott for slaughter, and that Scott was to pay Roggenkamp the value thereof, and that Roggenkamp was to have one-half of the profits thereof, for the rent of the shop, tools, and slaughter house, that alone would not constitute a partnership or make the defendant Roggenkamp liable for the goods in controversy." By this instruction certain of the facts in evidence in the case were grouped together and the jury informed that if they concluded that such was the agreement, it did not constitute a partnership between defendants or make Roggenkamp liable for the goods. The only other possible grouping of the facts in the case on the question of partnership would so arrange them that the conclusion to be drawn from them must be that the defendants were partners in the meat business. In view of the fact that the court gave the further instruction above quoted, although instruction No. 4 was imperfect and not as clear and explicit as it should have been, we do not think it could have misled the jury or prejudiced the rights of defendants, and we do not think its giving was sufficient ground for a new trial. "The giving of an instruction which is imperfect or erroneous is not grounds for a new trial, where it could not have prejudiced the complaining parties." ( Converse v. Meyer, 14 Neb., 190.)

Plaintiff in error objects to the verdict, that it is, both in form and substance, against Roggenkamp alone. We have reproduced the verdict in another part of this opinion, and by referring to the copy it will be ascertained that it was entitled "Hargreaves Bros. v. William Roggenkamp."

That this is not such a defect in form as will affect its validity as a verdict has been decided by this court in a case very similar to this, *Parrish v. McNeal*, 36 Neb., 727, in which the court says: "The only criticism upon the verdict, urged by counsel, relates to the title of the cause. No such objection was called to the attention of the court at the time the verdict was returned into court. Had it been, the defect, if any, doubtless would have been corrected before the jury were discharged. The title of the cause was not changed by permitting the administrator to appear and defend. The verdict was returned and filed in the proper action, and the title was sufficient to identify the verdict with the case. The omission of the name of the administrator as a defendant from the title was not such a defect as to prevent the entry of a judgment on the verdict."

The further and main objection to the verdict is its being against Roggenkamp, of defendants, alone and omitting the other defendant Scott. It must be borne in mind that this is an action on account, from all the information we can get from an examination of the record, against the individual members of the partnership, and it was competent and proper in such a case for the jury to return a verdict against one of the members of the firm, and such a verdict warranted the court in rendering judgment thereon against the party therein named. Section 429 of the Code of Civil Procedure provides as follows: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs in favor of

39

one or more defendants, in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served." (See also *Nebraska R. Co. v. Lett*, 8 Neb., 251; *Rowland v. Shephard*, 27 Neb., 494; *Anderson v. Fort Worth Base Ball Ass'n*, 14 S. W. Rep. [Tex.], 1016.)

There is the further thought here which has a bearing upon this branch of the case: Under the evidence, the jury, viewing it in the light of one set of facts, might well have determined that the meats were bought for Roggenkamp on his own account by Scott as his agent. The evidence to support a finding that this was the individual debt of Roggenkamp was strong and amply sufficient to sustain a verdict founded upon such a conclusion, and we are almost led to believe, from a careful perusal of the testimony, and the verdict as rendered by the jury, that this was the conclusion which they did reach; and if so, we think it would not be reversible error, under the pleadings in the case and evidence introduced. "In an action against two jointly, as partners, a recovery may be had against one alone, on proof that the debt sued for was his individual debt. Following *Maynard v. Ponder*, 75 Ga., 664." (*Ledbetter v. Dean*, 9 S. E. Rep. [Ga.], 720.) But if arrived at by the jury on either of the above theories of the case as presented in the evidence,—it is immaterial which,—the verdict was sustained by the testimony and there was no error in either its form or substance which calls for a reversal of the judgment. The judgment of the lower court is

AFFIRMED.