1808. SOUTHERN RAILWAY COMPANY *v.* ATLANTA SAND & SUPPLY COMPANY.

The controlling questions in this case have been certified to the Supreme Court and answered at length. It is deemed unnecessary for this court to go into an elaboration of the facts or points; but reference is had to the decision of the Supreme Court. 135 *Ga.* 35 (68 S. E. 807).

*Judgment reversed.*

DECIDED SEPTEMBER 29, 1910.

ON REHEARING, JUDGMENT AFFIRMED, SEPTEMBER 29, 1910.

Action for penalty; from city court of Atlanta—Judge Calhoun. January 20, 1910.

*McDaniel, Alston & Black,* for plaintiff in error.

*Moore & Pomeroy, W. A. Hood,* contra.

### ON REHEARING.

RUSSELL and POWELL, JJ. In the original opinion the judgment was affirmed as to the rulings on demurrer, but was reversed because the trial court erred in rejecting certain evidence offered by the defendant, tending to show that notwithstanding that it had failed to furnish cars in compliance with the plaintiff's demand, under rule 9 of the Railroad Commission, the failure was occasioned by facts and circumstances which, under the decision of the Supreme Court in answer to the certified questions presented in this case, would have excused the defendant for not so doing. In the motion for rehearing the point is made that the defendant's original answer contained only a denial of the paragraphs of the plaintiff's petition in which was set up a violation of the rule through the failure of the defendant to furnish cars upon certain given dates and for a designated period thereafter; and that as this rejected evidence tended to support only these matters of justification or avoidance, it was not admissible under the original plea. They say further that, while the defendant in the court below (the plaintiff in error here) did tender an amendment setting up these additional matters of defense, the court disallowed it. In the record before us, one of the exceptions is to the disallowance of this amendment. The ground on which the court refused to allow it does not appear from the record; the recital being merely that on motion of the plaintiff the court overruled and disallowed the amendment. The amendment was not tendered until the trial term, and was not accompanied by the affidavit required by the statute in cases where an amendment is offered after the first term.

To our minds, therefore, the case is squarely controlled as to this feature by *Columbus Show Case Co.* v. *Brinson,* 128 *Ga.* 487 (57 S. E. 871). We can not reverse the judgment of the lower court for refusing to allow an amendment to the pleading at the second term, where this affidavit is not filed, unless it affirmatively appears that the judge refused the amendment upon its merits, and not upon the technical ground. Where there is a failure to verify pleadings which are filed as a matter of right the rule is different from what it is where a party merely tenders an amendment as to which he must secure the consent of the court before it can be filed as part of the record. In the former case (where, say, a plea is regularly filed but not verified, and the court on motion strikes it) it would be presumed that the court struck it for some matter affecting the merits; because, the failure to verify being merely a matter of form, it would be waived, unless specially objected to by the opposite party. But where a party tenders an amendment which the law says may be rejected unless presented in a certain form, and the amendment states matters good in substance, but is deficient for lack of form, it will be presumed that the court refused it on the ground on which he had the right to refuse it, namely, the lack of form.

We are clear that the matters contained in the amendment can not be shown under the general denial contained in the original answer. They were purely matters of justification or avoidance. They did not tend to deny any one of the particular facts upon which the plaintiff relied, but merely attempted to negative liability under the law by showing additional facts which would exculpate the defendant from the apparent liability. The original answer contained no hint that the defendant would attempt to show, at the trial, matters which would tend to defeat the plaintiff's right to recover, notwithstanding the plaintiffs proved to the letter every allegation of fact contained in the petition. Matter which is equally available for defense whether the allegations of the petition be true or not can not be received in evidence under a general denial, equivalent in effect to the old plea of general issue. It is our opinion, therefore, that this court was in error in reversing the judgment of the lower court for the exclusion of this evidence. The rehearing having been granted, it is hereby ordered that the

judgment hitherto rendered be vacated, and that the judgment of
the lower court be                                          *Affirmed.*

HILL, C. J., dissenting.   I can not concur in the opinion of the
majority of the court.   I think the decision of the court as hereto-
fore rendered is right and should be adhered to.   The suit was to
recover damages against the railroad company for a violation of
rule 9 of the Railroad Commission of the State.   At the appear-
ance term the defendant filed a plea of general issue, and at the
trial term it filed an amendment to the plea, which was disallowed
by the court, and exceptions pendente lite were preserved.   At the
conclusion of the evidence the court directed a verdict for the plain-
tiff.   The writ of error challenges the constitutionality of rule 9 on
various grounds, and also the correctness of the ruling of the trial
judge in disallowing the amendment to the plea and in subse-
quently, on the trial of the case, excluding from evidence testimony
offered by the defendant tending to show that it had not violated
that rule and was not indebted to the plaintiff in any sum on ac-
count of its failure to comply with the request to deliver the cars.
This court certified to the Supreme Court the constitutional ques-
tions made, and also certified to the Supreme Court the question
whether, as a matter of law, the defendant railroad company, in
defense to the action, could set up certain matters to prove that it
was not at fault in not furnishing the cars requested by the plain-
tiff, these matters of defense being covered by the amendment to the
plea, which was disallowed by the court, and being also embraced
in the testimony which was excluded from evidence by the court.
The Supreme Court answered the questions certified to it, sustained
the constitutionality of the rule in question, and also held that
some of the defenses set up by the defendant and offered to be
proved by it were valid and sufficient under the law.   It is not neces-
sary in this place to set out the defenses which the Supreme Court
holds could be made by the railroad company in such case.   Refer-
ence is had to the decision of the Supreme Court on that question
as reported in 135 *Ga.* 135 (68 S. E. 807).   As the trial court had
expressly disallowed the amendment setting up the defenses, and
had subsequently rejected the testimony which was offered under
the plea of general issue (for the amendment had been rejected
when the testimony was offered), this court, in a brief headnote, re-
versed the ruling of the trial court in excluding the evidence which

the Supreme Court held would, if proved, have constituted a valid and sufficient defense to the suit. I think the judgment of this court was a necessary corollary to the decision of the Supreme Court on the question as to the sufficiency of the defense which the railroad company attempted to establish by the testimony which was excluded from evidence by the trial court. In my opinion this court should have gone further in its decision and should have also held that the trial court erred in disallowing the amendment to the plea. But regardless of the question whether the amendment to the plea was properly or improperly disallowed, I think that the testimony which was excluded by the trial judge set up matters of defense to the plaintiff's cause of action, and was admissible under the general denial of liability filed by the defendant company. In other words, I do not think that the amendment which the court disallowed was essential to the introduction of the evidence which the Supreme Court held would constitute a good defense and which this court held that the lower court erred in rejecting.

My associates think that the amendment was properly disallowed because of the absence of the affidavit required by § 5057 of the Civil Code of 1895 as amended by the act of 1897 (Acts 1897, p. 35). Of course, the omission of this affidavit furnishes a reason for refusing to allow an amendment, offered at the trial term, of which notice was not given by the original plea or answer. They insist that the record does not disclose upon what ground the trial judge based his judgment refusing to allow the amendment, and, as the omission of the affidavit was the only legal reason which he could have had for such refusal, they assume that his reason for so ruling was the fact that the amendment was not perfected by the statutory affidavit. I think it perfectly clear from the record that the trial court did not exclude the amendment because of the absence of the statutory affidavit referred to. I think the court treated this technical requirement of the law relating to the form of the affidavit as having been waived by the plaintiff, and that the amendment was disallowed because the allegations therein set up no defense to the suit. The record does not show that any specific objection to the amendment was made by the plaintiff because of the absence of the affidavit. On the contrary, it shows inferentially that this formal defect was waived. It can not be denied that the defect

in question is amendable. *Ward* v. *Frick Company,* 95 *Ga.* 804 (22 S. E. 899), *Rodgers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95). And I think it also clear that if the plaintiff does not object to the form of an amendment on this ground, he must be taken to have waived it. It seems to me that the plaintiff should be held to have waived this defect, if he does not specifically object to the answer on that ground and allows the question raised by the proposed amendment to be considered and decided on the merits. It would be unfair to the defendant not to afford him an opportunity to amend, by an objection as to the form of the proposed amendment. In the case of *Ward* v. *Frick Company,* supra, it was held: "It being, under the pleading act of 1893, the duty of the judge of the superior court at each regular term to call all cases on the appearance docket, and hear and determine all objections made to the sufficiency of petitions and pleas, it is incumbent upon plaintiffs to make at that term their exceptions to pleas filed. Consequently, where to an action upon an unconditional contract in writing a plea was filed at the first term, which set forth a good defense, but was not sworn to by the defendants, and no objection was then made to it because of this defect, the plaintiff will be held to have waived the same so far as the term is concerned; and if, at a subsequent term, he moves to strike the plea because of such defect, the court should then allow the defendant to complete the plea by a proper verification." In the case of *Rodgers* v. *Caldwell,* supra, it is held that where a plaintiff verifies his petition in conformity with the provisions of the Civil Code of 1895, § 4965, the omission of the defendant to likewise verify a plea interposed by him is an amendable defect which can be taken advantage of by the plaintiff only at the appearance term of the case. Section 4965 of the Civil Code, supra, is mandatory. It says that the defendant shall verify his plea or answer, where the plaintiff files a petition accompanied by an affidavit that the facts stated therein are true to the best of his knowledge and belief; but under the act of 1897 the court can allow an amended answer or plea without the affidavit, if within its discretion it sees proper to do so. And yet, under section 4965 of the Civil Code, if the plaintiff does not object to the form of the plea at the first term, he is held to have waived it; and by analogy it would seem to follow that when the amendment to the answer or plea is offered by the defendant, if the plaintiff does not object

to the amended plea or answer because of the omission of the affidavit required by the act of 1897, it would be a waiver of the formal defect. In 22 Encyclopedia of Pleading and Practice, 1052, the general rule on this subject is stated as follows: "It is usually held that the fact that a pleading is not properly verified, as required by statute, is not sufficient to oust the court of its jurisdiction, but is merely an irregularity, and that as such the objection may be waived if not raised at the proper time and in the proper manner, and can not be raised for the first time after issue joined or on appeal."

Here it is perfectly apparent that the objection to the form of the amended answer was not made when the amendment was offered. If it had then been made, the amendment could have been perfected, doubtless, and would have been perfected by an amendment with the required statutory affidavit. In the original brief filed by the defendant in error in this court the point was not made that the amendment was defective because of the absence of the affidavit. It was first made in a supplemental brief. The action of the court below in rejecting the amendment rebuts the assumption that it was rejected because of the failure to have the proper verification. The order disallowing the amendment is as follows: "This amendment overruled and not allowed. Let the copy be filed, however." If the objection to the plea was one of form, would the court have required that such defective plea be preserved in the files of the case? On the contrary, if the amendatory answer or plea had been filed before the ruling of the court, would not the court have ordered that this defective plea be stricken from the files? 22 Enc. Pl. & Pr. 1047. It is perfectly clear to my mind that the trial judge considered the plea on its merits, and disallowed it because in his opinion it set up no defense to the suit. Not only does the record clearly show that in the trial court the amendment was objected to on its merits and ruled upon on its merits, but the record made by this court, and by the Supreme Court in its instructions on the questions certified to it, all lead to the same conclusion. As before stated, the learned counsel for the defendant in error in this court, in their original brief and argument, ably and elaborately contested the merits of the answer as proposed by the amendment. In the brief or argument there was no hint that the amendment was disallowed because no affidavit was attached as required by the act

of 1897. This court certified the question as to whether the allegations of the amendment set up a valid and sufficient defense, and the Supreme Court considered the defense as made by the amendment on its merits, and ruled that some of the matters of defense set out were sufficient and some were insufficient. It would seem that the learned and able counsel would not have put this court and the Supreme Court to the labor and trouble of considering questions purely of an academic character, but would have insisted that the question was eliminated from the case and the amendment was rejected because of the absence of the statutory affidavit. So far as I am individually concerned, I am unwilling to encourage a consumption of the valuable time of this court and of the Supreme Court by holding in effect that counsel can engage in useless and unnecessary discussions of legal questions and invoke a decision thereon when the questions are not properly before the court, or, after arguing a case on the merits and obtaining a decision on the merits, to subsequently change base and on a formal technicality obtain an advantage not contemplated by the original argument. I therefore think that the trial court erred in rejecting the amendment. I think that the record clearly shows that the omission of the affidavit to the amendment, as required by the act of 1897, was waived by the conduct of the plaintiff or his counsel, and that the whole record from the trial court to the Supreme Court shows conclusively that the matters of defense set up by the amended answer were considered solely on their merits, and that the only logical conclusion from the decision of the Supreme Court is that it set up a valid defense, and the court erred in disallowing it.

But I think that the proposed testimony which the Supreme Court held would have constituted a good defense, the rejection of which this court held was error, was admissible regardless of the amended answer. In my opinion it was admissible and pertinent evidence under the general denial of liability contained in the original plea or answer. The suit was for a violation of rule number 9 of the railroad commission. The charge against the company was in effect that it was at fault in the violation of this rule, and that this fault on its part had resulted in damage to the plaintiff, and it claimed the liquidated damages fixed by the rule. The defendant, in the original plea, denied that it was guilty of any

of the wrongs charged against it by the plaintiff; in other words, it denied that it had violated rule number 9 of the commission or was at fault. When the railroad commission made the rule it certainly contemplated that there might be some excuse or exculpation for the failure of the railroad company to comply with its terms. These excuses were necessarily a part of the rule itself and was in the mind of the commission when the rule was promulgated, and these excuses should be considered as an essential part of the rule, as plainly so as if they were written by express terms therein. The Supreme Court in this case has stated specifically that some of these excuses offered to be proved by the defendant constituted a defense, and it does seem to me that the general denial of the violation of the rule, and a denial of the charge that the defendant was at fault, tend to "disprove the plaintiff's cause of action," and evidence would be admissible even without a special or affirmative plea to that effect. There was no necessity to plead excuses or defenses which inhere in and are a part of the rule as contemplated by the commission and ruled as implied by the Supreme Court. In other words, where the plaintiff asserts that the defendant has violated the rule and is at fault, and has damaged him on account of the violation, a denial of the violation and of fault on its part would be sufficient pleading to admit testimony in evidence in support of the defense, and no other pleading would be necessary. The defendant in this case denied the charge that it had violated the rule of the commission or was at fault, and offered to show certain excuses as proof that the rule was not violated. Why should it be necessary to assert by an affirmative plea these excuses, if they are lawful and inhere in the rule? Certainly these excuses are defenses. It was so held by the Supreme Court; and if they are defenses, they tend to "disprove the plaintiff's cause of action," and, under section 5053 of the Civil Code of 1895, are admissible without any special plea. They are in no sense matter of confession and avoidance, but are strictly matter of denial and defense. *Richmond & Danville R. Co.* v. *Buice*, 88 *Ga.* 181 (14 S. E. 205); *Price* v. *Bell*, 88 *Ga.* 740 (15 S. E. 810); Bliss on Code Pleading, § 327.