25705. CITY COUNCIL OF AUGUSTA *v.* DISEKER.

Decided December 5, 1936.

*C. W. Killebrew, Hester & Clark,* for plaintiff in error.
*John J. Hennessy,* contra.

MacIntyre, J. This suit was brought against City Council of Augusta (as to a matter in which it was not exercising governmental functions) and M. H. Rouse, on a contract for services rendered. In paragraph 1 the petition alleges that the City Council of Augusta is a corporation organized and existing under the laws of the State of Georgia and having its principal office in the

City of Augusta, Richmond County, Georgia; and in paragraph 2, that the City Council of Augusta also has an office and transacts business in said County of Chatham, and State of Georgia, and at said office has agents upon whom service can be had; and in paragraph 3 that M. H. Rouse is a resident of Chatham County, Georgia. "As a general rule at common law, in an action against two defendants upon a joint contract, judgment can not be given against one defendant without the other. But this rule has been changed by statute in Georgia. If two or more defendants are sued upon a joint obligation, and it is made to appear on the trial that one or more, are not liable and ought not to be joined in the action, the suit does not abate, but may proceed against the other defendant or defendants. *Wooten* v. *Nall,* 18 *Ga.* 609; *Francis* v. *Dickel,* 68 *Ga.* 255." *Burson* v. *Shields,* 160 *Ga.* 723, 730 (129 S. E. 22). See also *Comolli* v. *National Cash Register Co.,* 169 *Ga.* 409 (150 S. E. 551), where it was said: "Even if it would have been better practice to have first amended the petition, the admission of the evidence was not reversible error, . . and therefore the result in the present instance is exactly the same as if the petition had been amended." In the present case, if it should appear on a trial that the City Council of Augusta alone owned and operated the steamboat and the joint defendant was only an agent, a verdict would be supported by the evidence. Where the amendment sets forth the true relationship and still sets out a cause of action against the City Council of Augusta, not a new cause of action, not a new and different contract, but the same contract originally declared on, the suit does not abate but may proceed against the City Council of Augusta as defendant.

The City Council of Augusta appeared and filed its general and special demurrers to the petition, and filed also an answer admitting the truth of paragraph 2 of the petition that the "City Council of Augusta also has an office and transacts business in said County of Chatham and State of Georgia, and at said office has agents upon whom service can be had." Thereafter, when the amendment striking the name of M. H. Rouse was tendered and allowed, the City of Augusta filed an amendment striking that part of its answer which admitted paragraph three of the plaintiff's petition; whereupon the city filed a plea to the jurisdiction, which was not allowed, and it assigned error on its disallowance.

Irrespective of the right of the defendant, in ordinary cases where a non-resident is joined with a resident defendant and a resident defendant is stricken, to file a plea to the jurisdiction, in this case, the petition having alleged that the City Council of Augusta was subject to suit in Chatham County, and the city having appeared and filed its demurrers both general and special, and having admitted in its answer that it had an office and transacted business in Chatham County, and the said office had agents on whom service could be had, this was such an appearance as waived jurisdiction of the person and the court properly ordered the case to trial, although the city withdrew its admission that it had an office and transacted business in Chatham County and had at said office agents on whom service could be had. See Code, § 81-503, and Ireton v. Baltimore, 61 Md. 432.

The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*