## 33582. FREENEY *v.* JONES *et al.*

MacIntyre, P. J. 1. Where in an action for tort against two named persons, as a partnership doing business under a given firm name, it is alleged that one of the named defendants, as a partner and agent of the firm, without probable cause, swore out a warrant and had the plaintiff arrested on February 10, 1950, on a charge of cheating and swindling, and in the same petition it is alleged that, subsequently to February 1, 1950, the named defendants dissolved the partnership, such petition, when it is construed most strongly against the pleader, as it must be as against demurrer, fails to allege the existence of the partnership relation, or, under such a state of pleading, facts from which the existence of the partnership relation could be inferred; and, under such circumstances, such a petition fails to allege a cause of action against the named partnership.

2. Where, in such an action as indicated above, the other of the two named defendants would be liable only by virtue of the partnership relation, and there are no allegations sufficient to charge him with liability as an individual, such other defendant's general demurrer to the petition is properly sustained and the case properly dismissed as to him, in the absence of a sufficient allegation of the existence of the partnership relation, or facts from which such relationship could be inferred.

3. Where, in such an action as indicated in the first division of this opinion, it is alleged distinctly that the named defendant who is alleged to have committed the tortious acts did so as the agent of the named firm, the petition sets forth no cause of action against him individually, and his general demurrer to the petition is properly sustained. *King Brothers & Co. v. Passmore,* 18 *Ga. App.* 514 (2a) (89 S. E. 1103); *Price & Maas v. Bell,* 88 *Ga.* 740 (3) (15 S. E. 810); and see *Peach Motor Express Co. v. Salmon,* 73 *Ga. App.* 816 (38 S. E. 2d, 302).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

Decided November 21, 1951.

2

*W. George Thomas,* for plaintiff.
*John H. Hudson, J. Walter LeCraw,* for defendants.